[No. 474.   Decided June 1, 1892.]

A. R. CUTTER AND HARRY E. CURTIS, *Appellants*, v. F. C· STRIEGEL, C. P. STANLEY, *et al.*, *Respondents.*

MECHANICS' LIENS—IMPROVEMENTS BY OTHER THAN OWNER OF LANDS.

Where a complaint to enforce a mechanic's lien alleges that, at the time the materials were furnished, a certain party was the owner and reputed owner of the land, and seeks to subject the interest of such owner to the lien, but the lien notice, upon which the

action is founded, alleges that the materials were furnished at the instance and request of another party, the interest of the latter not being described, the complaint does not state a cause of action against either.

Under Code 1881, § 1965, providing that unless the owner, within ten days after notice of improvements made on his lands at the instance of others, give notice that he will not be responsible for such improvements, his interest shall be subject to lien, it must affirmatively appear that the owner had notice of such improvements.

*Appeal from Superior Court, Spokane County.*

Action by Cutter & Curtis against Striegel & Stanley and others to enforce a lien for materials furnished. From a judgment sustaining a demurrer to the complaint for want of sufficient facts, plaintiffs appeal.

*Forster, Wakefield & Wikoff*, for appellants.

*Arthur & Reagan*, for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This is an action to enforce a lien for materials furnished in the construction of two houses; the material furnished for each house separately is not specified, but the claim is in a lump sum. The complaint alleges that at the time the materials were furnished, the Arlington Heights Land & Improvement Company was the owner and reputed owner of the land described, and it seeks to subject the interest of that company to their lien. It will be observed, however that the lien notice, which is made a part of the complaint, and which is, of course, the foundation of the action, asserts affirmatively that the materials furnished were furnished at the special instance and request of Striegel & Stanley, who were the contractors and agents of the Motor Railway Company. This allegation, then, eliminates from this case the question of agency, so far as the Land & Improvement Company is concerned, and all the lien that can attach would be the lien on the in-

terest of the Motor Railway Company, and this interest is not specified or described by the complaint, but it seeks to maintain and foreclose a lien on the interest of the Land & Improvement Company, the alleged owners of the land. This cannot be done. It is true that § 1959 of the code provides that land upon which any building is constructed, together with a convenient space about the same, etc., shall be subject to the lien if at the commencement of the work or of the furnishing of the materials for the same the land belonged to the person who caused said building, etc., to be constructed. The plain inference is that if the land had not belonged to such person, the lien would not attach to the land, but only to the interest of the party who contracted the work. In fact the latter part of the section provides especially that if such person owns less than a fee simple estate in such land, then only his interest therein is subject to the lien. In this case the interest of the Motor Company, whatever it may be, must be less than a fee simple interest, for the complaint alleges the owner-ship of the Land & Improvement Company.

Sec. 1965 seems to imply that the interest of the owner is subject to the lien, unless he gives notice that he will not be responsible for such improvement, but the same section provides that the notice, if any be given, shall be ten days after the owner has notice of the making of said improve-ment, and, in our opinion, it must affirmatively appear that the owner had such notice.

We think the demurrer was properly sustained. The judgment of the lower court is affirmed.

ANDERS, C. J., and HOYT, SCOTT and STILES, JJ., concur.